## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **-vs-** | ) | **No. CR-22-232-HE** |
| | ) | |
| **DESIREE NICOLE FRANSEN,** | ) | |
| **a/k/a Desiree Sanchez,** | ) | |
| **a/k/a Sanchezz Dez Love, and** | ) | |
| **OCTAVIO JUAN SANCHEZ,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### UNITED STATES' UNOPPOSED MOTION FOR PROTECTIVE ORDER

The United States respectfully requests that the Court enter a protective order concerning the disclosure of discovery materials that contain financial information, private healthcare information, and personal identifiers belonging to the deceased victim in this case and third parties.  Counsel for the United States has conferred with Jeff Byers, counsel for Defendant Desiree Nicole Fransen, and with Michael Noland, counsel for Defendant Octavio Sanchez, concerning this motion.  Both Mr. Byers and Mr. Noland have confirmed that Defendants have no objection to the requested protective order.

On June 7, 2022, a Federal Grand Jury returned an indictment charging Desiree Nicole Fransen ("Fransen") and Octavio Juan Sanchez ("Sanchez") (collectively "Defendants") with offenses related to their fraudulent use of Supplemental Security Income (SSI) benefits paid for the benefit of a deceased victim, Margarita Juanita Sharon Sandoval (a/k/a "Sandoval").  Sandoval was Sanchez's sister.

The indictment charges three counts against both Fransen and Sanchez: (1) conspiracy to commit social security fraud, representative payee fraud, and theft of government benefits, in violation of 18 U.S.C. § 371 (Count 1); (2) conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (Count 6); and (3) aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Count 7). Fransen is charged alone in four other counts: (1) representative payee fraud, in violation of 42 U.S.C. § 1383a(a)(4) (Count 2); (2) aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Counts 3 and 5); and (3) false statement to a financial institution, in violation of 18 U.S.C. § 1014 (Count 4).

In general, the indictment alleges that Fransen and Sanchez conspired to use SSI benefits paid by the Social Security Administration (SSA) for the benefit of Sandoval for their own benefit, rather than for the benefit of Sandoval. The indictment alleges that SSA appointed Fransen as the representative payee for Sandoval in January 2018, but that Sandoval was no longer living with Fransen after at least March 2018. Thereafter, Fransen and Sanchez agreed not to notify SSA that they were no longer providing care for Sandoval and using the SSI benefits for the current or future needs of Sandoval. In addition, the indictment alleges that in late April 2021, Fransen submitted paperwork to SSA in connection with a disability review, claiming that Sandoval still resided with her in Norman, Oklahoma and was still disabled and eligible for benefits. However, just

2

weeks later, the Norman Police Department discovered Sandoval's severely decomposed body in a basement.

The indictment also alleges that Fransen made a false statement to a financial institution and committed identity theft when she used Sandoval's identity to apply for a credit card from Capital One.  Finally, the indictment alleges that Fransen and Sanchez conspired to commit wire fraud and committed identity theft when they used Sandavol's identity to obtain economic impact payments issued by the government during the COVID-19 pandemic.

Discovery in this case contains voluminous documents that include the personally identifiable information (PII) of Sandoval (including her social security number and date of birth), private financial information such as bank account numbers, and other confidential healthcare information, such as Medicaid claims, diagnoses, and treatments. The discovery also includes the PII of other third-party witnesses.  Without depriving the defendants of access to and use of documents the United States has obtained in this case, the United States seeks to ensure that no one, including Defendants, uses this information to violate the privacy rights of the victim and witnesses, or for any other improper purpose.  An order from the Court requiring that recipients of this information use it only in the context of preparing for court proceedings in this case will address these concerns. In addition, the government asks that the Court restrict defense counsel from allowing Defendants to retain documents containing PII, financial, or healthcare information of the

3

victim or witnesses, to alleviate the need to produce those documents in a heavily redacted form.  Due to the volume of discovery and the repeated reference to Sandoval's PII on nearly every page, redacting the discovery would be unduly burdensome.

Entitled "Protective and Modifying Orders," Federal Rule of Criminal Procedure 16(d)(1) provides: "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."  In this case, the government does not seek to restrict Defendants' access to discovery.  Instead, it seeks merely to limit the use of that discovery to its proper purpose in preparation for trial or other proceedings. The issuance of a protective order is a discretionary function of the trial court that will only be disturbed on review where it is established that an abuse of discretion—that is, prejudice to the substantial rights of the defendants—occurred.  *United States v. Coiro*, 785 F. Supp. 326, 330 (E.D.N.Y. 1992).  In this context, a protective order will not impair Defendants' right of access to discovery.  Moreover, defense counsel has agreed to the entry of a protective order.

For these reasons, the government respectfully requests that the Court enter an order that any documents produced to Defendants by the government that include any confidential information of third parties or victims (including social security numbers, names of minor children, dates of birth, financial account numbers, or private health care information) be disclosed only to the defense counsel and the agents of defense counsel, except as necessary during court proceedings or during interviews of Defendants or

4

potential witnesses in preparation for trial or other court proceedings.   The government further requests that the Court order that any documents containing financial information or PII of third parties or victims, which are shown to Defendants or potential witnesses by defense counsel for purposes of preparing for trial or other court proceedings, not be retained by Defendants or witnesses for any purpose.  Finally, the government requests that the Court order defense counsel to make the Defendants and potential witnesses aware of a protective order prior to disclosure and that defense counsel instruct the Defendants and potential witnesses not to disclose the information identified above to others except in the presence of counsel and for the purpose of preparing for trial or other court proceedings.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney

s\JESSICA L. PERRY
JESSICA L. Perry
Oklahoma Bar No.  22681
Assistant United States Attorneys
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8783 (Office)
(405) 553-8888 (Fax)
Jessica.Perry2@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 27, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Jeff Byers, Counsel to Defendant Desiree Fransen
Michael Noland, Counsel to Defendant Octavio Sanchez

<u>s/JESSICA L. PERRY </u>
Assistant U.S. Attorney

6